UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LUIS J. TAVERAS,

                         Petitioner,

    v.                                                      9:19-CV-0282
                                                                         (MAD/CFH)

DEPARTMENT OF HOMELAND SECURITY, et al.,

                        Respondents.

---

APPEARANCES:                                        OF COUNSEL:

LUIS J. TAVERAS
A300-320-657
Petitioner, pro se
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, NY 14020

HON. LETITIA JAMES                          LISA E. FLEISCHMANN, ESQ.
Attorneys for Respondent                   Ass't Attorney General
New York State Attorney General
120 Broadway
New York, NY 10271

HON. GRANT JAQUITH                        CHRISTOPHER R. MORAN, ESQ.
United States Attorney for the              Ass't United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Petitioner Luis J. Tavares, formerly in the custody of the Bureau of Prisons ("BOP"), sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an expedited

deportation hearing and removal. Dkt. No. 1, Petition ("Pet."). Respondents opposed the petition and provided records relevant to petitioner's claims. Dkt. No. 6, United States' Response; Dkt. No. 6-1 at 1-3, Timothy Nevin Declaration ("Nevin Decl."); Dkt. No. 6-1 at 4, Exhibit; Dkt. No. 7, Warden's Response. Petitioner did not file a reply.

On September 5, 2019, the Court was informed that petitioner was transferred to the United States Immigration and Customs Enforcement ("ICE") agency and that ICE expected to deport petitioner back to the Dominican Republic shortly thereafter. Dkt. No. 10, Status Report. The Court directed petitioner to respond to the Status Report. Dkt. No. 14, Text Order dated 09/17/19. Petitioner did not respond and the Court's Order was returned as undeliverable, with the envelope reading "return to sender; no addressee[.]" Dkt. No. 15.

On October 10, 2019, respondents filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 16. Petitioner again did not respond. On November 12, 2019, respondents confirmed that "[o]n September 17, 2019, [petitioner] was removed from the United States and deported to the Dominican Republic." Dkt. No. 18. For the reasons outlined below, respondents' motion to dismiss is granted and the petition is dismissed as moot.

## II. FACTS

Petitioner is a native and citizen of the Dominican Republic. Nevin Decl. ¶ 4. Petitioner entered the United States in July of 2004. *Id.* ¶ 5.

In December of 2017, petitioner was incarcerated, in the New York State Department of Corrections and Community Supervision, as the result of a criminal conviction for a drug

related offense in New York County. Pet. at 4; Nevin Decl. ¶ 6.[1] On January 28, 2019, petitioner was "issued . . . a Notice to Appear . . . that charged [p]etitioner as removable under Section 237(a)(2)(B)(I) of the Immigration and Nationality Act . . . because he was convicted of a law . . . relating to a controlled substance." Nevin Decl. ¶ 7. Petitioner appeared, with counsel, before an immigration judge and "admitted ICE's allegations, consented to removal, and waived his right to appeal." *Id.* ¶¶ 8-9; *see also* Pet. at 2 (explaining that one of the "legal questions that [i]s involve[d in his petition regards] the instant detention and delay in deportation procedure, when [the] matter is based on the uncontested voluntary deportation by the petitioner."). Based upon petitioner's admissions, the immigration judge ordered petitioner's removal. *See* Exhibit.

On February 15, 2019, the present petition was filed.[2] Pet. at 1. In it, petitioner requested that this Court order an expedited final removal hearing and, given his voluntary agreement to deportation, accelerate his return back to his native country, the Dominican Republic. *Id.* at 2, 4-7. Specifically, petitioner asks that (1) his deportation hearing occur within forty-five days and (2) his ultimate deportation occur no later than ninety days after the issuance of the final removal order. *Id.* at 7. On September 17, 2019, petitioner was deported to the Dominican Republic, for a period of ten years, pursuant to a Warrant of Removal/Deportation. Dkt. No. 16-1 at 4-6.

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system.

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

## III. DISCUSSION

A federal court must always determine whether it has jurisdiction over a pending action. *See e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "[F]ederal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Elliott v. Sessions*, No. 1:16-CV-0388, 2018 WL 502721, at *2 (W.D.N.Y. Jan. 18, 2018) (quoting *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998); 28 U.S.C. § 2241). So long as "the petitioner files the habeas petition before being deported," the custody requirement has been met. *So v. Reno*, 251 F. Supp. 2d 1112, 1120 (E.D.N.Y. 2003).

However,

> [a] non-citizen who has been deported must go beyond satisfying the "in custody" requirement . . . it must also be demonstrated that the case is not moot as a result of the deportation. A case is moot if it no longer presents a "case or controversy" within the meaning of Article III, Section 2 of the Constitution.

*So*, 251 F. Supp. 2d at 1120-21. Stated another way, "[a] case is moot when . . . the parties lack a legally cognizable interest in the outcome[.]" *Arthur v. DHS/ICE*, 713 F. Supp. 2d 179, 181 (W.D.N.Y. 2010). A petitioner's release from custody does not automatically moot a habeas corpus action, so long as there are "'collateral consequences' of the conviction upon which the now-ended incarceration was based[;] . . . [h]owever, the district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under . . . § 2241 is released during the pendency of his petition . . . the petition is rendered

4

moot." *Elliott*, 2018 WL 502721, at *2 (internal quotation marks and citations omitted).

Here, the relief sought by petitioner was to expedite both his removal hearing and deportation back to the Dominican Republic. Pet. at 7.[3] Petitioner received the relief he requested, on September 17, 2019, when he was deported to the Dominican Republic. Dkt. No. 16-1 at 4-6. Therefore, with regard to both of these requests, "the petition became moot upon petitioner's release from the custody of the United States." *Elliott,* 2018 WL 502721, at *2; *see also Arthur*, 713 F. Supp. 2d at 182 (holding that the petition was rendered moot as the court was "incapable of granting a judgment that w[ould] affect the legal rights as between the parties," primarily "because [petitioner w]as . . . deported, [and] the only relief available to him in this habeas proceeding – namely, release from continued detention in administrative custody – ha[d] been granted."); *Williams v. INS*, No. 1:02-CV-3814, 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) ("Here, [petitioner] lacks any interest in the outcome of the suit inasmuch as the relief he has requested – release from detention – has already been afforded to him. His petition is therefore moot."); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody."); *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

---

[3] Because petitioner admitted to ICE's allegations and voluntarily consented to his removal, it does not appear that petitioner is challenging the removal proceedings at all. However, to the extent it could be construed that he is, the Court has no authority to hear such challenges and they would be dismissed for lack of jurisdiction. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that the REAL ID Act of 2005, codified at 8 U.S.C. § 1252, divested district courts of jurisdiction to decide direct and indirect challenges to final orders of removal); *see also Asylum Seeker Advocacy Project v. Barr,* No.1:19-CV-6443, 2019 WL 4221479, *2 (S.D.N.Y. July 11, 2019) (explaining that "[s]ections 1252(a)(5) and 1252(b)(9) channel all challenges to removal orders and removal proceedings to the courts of appeals.").

**IV.  CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that respondents' motion to dismiss, Dkt. No. 16, is **GRANTED** and the petition (Dkt. No. 1) is **DISMISSED AS MOOT**; and it is further

**ORDERED** that a Certificate of Appealability be **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: November 27, 2019
      Albany, New York

*Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge